THE KANSAS CITY TILE & GRAVEL COMPANY, Respondent, v. NEISWANGER BROS., Appellants.

Kansas City Court of Appeals, May 30, 1892.

1. Practice, Appellate: SUBSTITUTING PAROL FOR WRITTEN CONTRACT: REVIEW OF VERDICT: INTENTION. Where the question of whether a written contract was abandoned and a verbal one substituted is submitted to the jury on proper instructions the appellate court cannot contradict the verdict; and it is unnecessary to tell the jury that they must find an intention to make the substitution.

2. Quantum Meruit: MEASURE OF RECOVERY. The petition was in *quantum meruit.* The evidence shows no price agreed upon, but the defendants were to pay whatever the labor and materials were worth, and the instruction directed the jury to find what the labor and materials were reasonably worth. *Held,* correct as the testimony showed the "cost" and "reasonable value" were the same.

3. Practice, Trial: ACCOUNT: PETITION: EVIDENCE. A petition in *quantum meruit* alleged that a correct statement of said labor and material was annexed and made a part thereof. There was an item

"of work last fall" in reference to which there was an objection to the introduction of any evidence. *Held*, objection was too late, and the question should be raised by a motion to make more definite.

4. ———: TWO COUNTS: MOTION. If two counts are improperly united in one there should be a motion to separate the two, and an objection comes too late at the trial.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Lipscomb & Rust,* for appellants.

(1)  Plaintiff's instructions given are upon the theory of, and allow a recovery for, reasonable value, whilst plaintiff's proof is that the work was to be done for cost.  (2)  The petition was a suit on one cause of action, and plaintiff was allowed, over defendants' objections, to introduce evidence and recover on two separate contracts, or causes of action.  (3)  It was physically impossible for half of the sand and gravel recovered for to have been used, and for that reason the case should be reversed.  *Gurley v. Railroad,* 104 Mo. 212–233.  (4)  The court had no right, and especially without a motion filed to that effect, to make the *remittitur* of $18.30, which it did make.  *Gurley v. Railroad,* 104 Mo. 212–234.

*Chase & Powell,* for respondent.

(1)  As to "total variation between the allegations and the proof" the time for raising such objections passed with the close of the trial; if it seemed to counsel for appellants that such variation did in fact exist, it should have been raised on the trial where no party could be "misled to his prejudice." *Leslie v. Railroad,* 88 Mo. 50, citing R. S. of 1879, ch. 59, art.

6, secs. 3565-3567, recopied in R. S. 1889, ch. 33, art. 6, secs. 2095-2098; *Turner v. Railroad*, 51 Mo. 501. If a party fails to avail himself of the statutory method of taking advantage of variance, he cannot be heard to complain in the appellate court. *Fischer v. Max*, 49 Mo. 404; *Clements v. Maloney*, 55 Mo. 353; 79 Mo. 276; 76 Mo. 434; *Hoyt v. Quinn*, 20 Mo. App. 72; 68 Mo. 626; *Shelton v. Durham*, 76 Mo. 434. (2) A mere informality in *remittitur* by the lower court of an excess in amount of judgment will not authorize a reversal. *Phillips v. Evans*, 64 Mo. 17; *Whetstone v. Shaw*, 70 Mo. 579. And this court might order a *remittitur* without motion. *Priest v. Deaver*, 22 Mo. App. 276; *West v. Ice Co.*, 19 Mo. App. 547; *Turner v. Railroad*, 51 Mo. 501; *Hemelreich v. Carlos*, 24 Mo. App. 264; *Swayze v. Bride*, 34 Mo. App. 414; *Krider v. Milner*, 99 Mo. 145. (3) Plaintiff's evidence shows conclusively that the amount of sand and gravel sued for in this action was used in the work constructed. And, further, this question was passed upon by the jury, and this court will not inquire into the weight of the evidence on this point, or reverse because the jury believed the plaintiff's evidence instead of that of the defendants. *Hemelreich v. Carlos*, 24 Mo. App. 264; *Swayze v. Bride*, 34 Mo. App. 414; *Krider v. Milner*, 99 Mo. 145.

GILL, J.—The plaintiff sued the defendants for the alleged reasonable value of labor and materials used in constructing an artificial stone sidewalk in front of the defendants' property at the southwest corner of Eighth and Walnut streets, Kansas City. The petition was accompanied with an itemized account, showing the defendants indebted in the gross sum of $506.85. In addition to a general denial, the answer sets up that plaintiff, in November, 1889, made a written contract

with defendants to construct the sidewalk in question at the agreed price of thirty cents per square foot, and that the same should be built in accordance with the city ordinance providing therefor, and in a good and workmanlike manner, etc. But it is alleged that the walk was not so constructed, that the same was worthless, and that defendants had been damaged in a sum for which they asked judgment. The issues were submitted to a jury, who found for the plaintiff the full amount claimed, as well as against the defendants on their counterclaim, and the defendants thereupon appealed.

I. The first assignment of error relates to the court's action in giving the plaintiff's instructions, numbered 1 and 2. These read as follows: "1. If the jury believe from the evidence that the plaintiff entered into contract or agreement with the defendant to build the walk mentioned in the plaintiff's petition subsequent to making the written proposition or contract offered in evidence by defendant, then you are instructed that, although you may believe from the evidence that said written contract was executed by both the plaintiff and the defendant, still the same is abrogated and annulled by the verbal contract, if subsequently made.

"2. If you believe from the evidence that the plaintiff constructed for defendant, and at defendant's request, the sidewalk mentioned in evidence and in plaintiff's petition, and that no specific sum was agreed upon therefor, and that such sidewalk was constructed substantially according to agreement, then you will find for the plaintiff in this action in such sum as you may believe from the evidence the furnishing of the labor and material therefor were reasonably worth, not exceeding the amount sued for with interest on what-

The K. C. Tile & Gravel Co. v. Neiswanger.

ever be found due since the twenty-seventh day of March, 1891.''

We discover no substantial objection to these instructions. Number 1 was made necessary by the following testimony not set out in the above statement of facts: Negotiations for this work were begun in the fall of 1889 (before the ordinance providing for the walk had been passed). It was then that a writing was signed by the parties looking to the doing of the work when ordered. Owing to the delay in passing the ordinance as well as the character of the weather, work was postponed until the following spring (1890). The plaintiff, however, in November, 1889, did put in that portion of the walk included between a line extended east from the northeast corner of defendant's building, bounded west by the east line of the building, extended north to curb, and north by the curb line on Eighth street, but the main portion of the work was not done until the following April. Now, plaintiff's witnesses testified that, before the work was entered upon in the spring of 1890, the written proposition or contract was abandoned, and plaintiff and defendants orally agreed that the walk should be constructed for the cost of the labor and material used therefor. The defendants testified that no such change of contract was made. Be that as it may, however, the jury found this issue for the plaintiff, and, as the jury's finding is supported by substantial testimony, we cannot assume to contradict the verdict. It was unnecessary, under the facts of this case, to tell the jury that before they could find an abandonment of the former written contract they should find such was the *intention*, etc.; for clearly, if a new and different arrangement was made as testified to, it was *intended* unquestionably as a substitution for the original agreement. Neither is there reason to complain of either of these instructions that

they submit as the measure of recovery the reasonable value of the labor and materials used. The petition is based on a *quantum meruit* that the work was done by request of defendants, that no price was fixed, but that defendants were to pay whatever the labor and materials were worth. And, although the witnesses for the plaintiff testified that the defendants agreed to pay, as compensation for putting in the walk, the cost of the labor and material, yet it stands undisputed according to all the evidence on that point that the *cost* and *reasonable value* in this case are one and the same. Hence, no harm then could come from the use of either term.

II. Plaintiff's action is all in one count, alleging "that the defendants are indebted to the plaintiff in the sum of $506.85 for labor and material furnished and used by plaintiff in constructing a sidewalk at the defendants' special instance and request. That a correct statement of said materials and labor, and the date when the same were furnished, is hereto annexed, and made a part hereof; and said sum of $506.85 is a reasonable value of said material and labor, and is now due from the defendants to the plaintiff, has been demanded, and remains unpaid," etc.

Now, among the items in the account this is found: "To old work last fall, twelve and three-tenths multiplied by sixteen is equal to one hundred and ninety-six feet, at thirty cents, equal to $58.80." At the trial the defendants objected to the introduction of any evidence touching this item for the alleged reason "that it is not referred to in the petition at all," and again, that it was not sufficiently itemized, since it only says, "To old work last fall," etc. The court overruled the objection, stating to counsel that it was too late to object, and that the objection should have been raised by a motion in due season to make more specific. In

this the court's ruling was clearly correct. Some mention, too, is made in counsel's "points" made in brief, that this item was on account of a separate contract, and should not have been included with the other work. If so, then it may be again said that the objection was not made in due season and in the proper manner. If two counts were improperly united in one, then there should have been a motion to separate the two. If the objection was not so taken then it was waived.

We have read and considered other points relating to the *remittitur*, and the claim of more materials charged for than could have gone into the walk, refused instructions, etc., and see in them nothing to warrant reversal.

The judgment, therefore, will be affirmed. All concur.